**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD**
**THIRD FLOOR**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-11530/6460783449

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Judith M. Thorpe<br>　　　　Debtor.<br>─────────────────────────────<br>Bank of America 173<br><br>　　　　Movant,<br>　vs.<br><br>Judith M. Thorpe, Debtor; Dianne C. Kerns, Trustee.<br><br>　　　　Respondents. | No. 4:08-bk-05529-JMM<br><br>Chapter 13<br><br>MOVANT'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY<br><br>RE: Real Property Located at<br>810 S. Kolb Rd.<br>Tucson, AZ 85710 |

Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. 362(a), and to permit Movant to foreclose the lien of its Deed of Trust on real property owned by Debtor, by trustee's sale, judicial foreclosure proceedings or the exercise of the power of sale, and to obtain possession and control of the real property.

This motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

DATED this 12th day of September, 2008.

Respectfully submitted,

TIFFANY & BOSCO, P.A.

BY /s/ MSB # 010167
    Mark S. Bosco
    Leonard J. McDonald
    Attorney for Movant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. Judith M. Thorpe filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code. Dianne C. Kerns was appointed Trustee of the bankruptcy estate.

2. Debtor has an interest in certain real property located in Pima County, Arizona, more particularly described as:

> UNIT 11 OF VilLA VISTA CONDOMINIUMS, UNITS 1 THROUGH 72 AND COMMON AREA, ASUBDIVISION OF PIMA COUNTY, ARIZONA, ACCORDING TO THE MAP OF RECORD IN THE PIMA COUNTY RECORDER'S OFFICE IN BOOK 32 OF MAPS AND PLATS, PAGE 29 TOGETHER WITH A UNDIVIDED 1/72 INTEREST IN SAID COMMON AREAS OF SAID SUBDIVISION.

3. Debtor executed a Note secured by a Deed of Trust, dated August 4, 2003, recorded in the office of the Pima County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference.

4. By virtue of the Note and Deed of Trust, Movant has a secured interest in the property described herein and a secured claim against Debtor. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/ or Final Hearing hereon.

5.  Debtor is in default on her obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after May 1, 2007. Post-petition payments are due from and after May 13, 2008, as follows:

| | |
|---|---|
| 4 MONTHLY PAYMENTS   AT $254.38<br>(JUNE 1, 2008- SEPTEMBER 1, 2008) | $1,017.52 |
| BANKRUPTCY ATTORNEY FEES & COSTS | $ 500.00 |
| TOTAL AMOUNT OF POST PETITION DEFAULT | $1,517.52 |

Furthermore, a payment becomes due on October 1, 2008 and on the 1st day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

6.  Debtor is indebted to Bank of America 173 for the principal balance in the amount of $41,366.64, plus accruing interest, costs, and attorneys fees.

7.  Pursuant to the Note and Deed of Trust Movant is allowed to request this court to grant reasonable attorney's fees and costs and allowing payment of Movant's attorney's fees and costs pursuant to 11 U.S.C. Section 506(b) which state as follows:

> To the extent that an allowed secured claim is secured by property value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees/costs, or charges provided for under the agreement which such claim arose.

## **CONCLUSION**

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the debtor their bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict debtors and/or successors of debtor and to obtain ownership,

…

possession and control of the Property.

DATED this 12th day of September, 2008.

BY <u>/s/ MSB # 010167</u>
Mark S. Bosco
Leonard J. McDonald
2525 East Camelback Road
Ste. 300
Phoenix, Arizona 85016
Attorneys for Movant